IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY MARLOR,<br><br>        Plaintiff,<br><br>v.<br><br>BONNEVILLE COUNTY, an Idaho Political Subdivision; BONNEVILLE COUNTY SHERIFF'S DEPARTMENT, an Agency of an Idaho Political Subdivision; BYRON STOMMEL, in his Individual Capacity; SID HAMBERLIN in his Individual Capacity,<br><br>        Defendants. | Case No. CV-06-371-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Sid Hamberlin's Motion to Dismiss (Docket No. 8). The Court has determined that oral argument is not necessary, and the Court will issue its decision based on the briefs.

## ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of process is not timely, "the court, upon motion or on its own initiative after notice to

the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." F.R.C.P. 4(m). In 1993, amendments to Rule 4(m) gave courts discretion to enlarge the 120-day period even when there is no good cause shown. *U.S. v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) (citing *Henderson v. U.S.*, 517 U.S. 654, 663 (1996)). The 1993 amendments "gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process." *Id.* A district court may extend the time for service retroactively. *Id.* (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003)).

Accordingly, service of process today is much more flexible. *Id.* "[A] court's response to untimely service . . . should be consistent with the trend towards flexibility under General Rule 4(m)," and "even without a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service." *Id.*

In this case, Defendant Hamberlin was not served until January 23, 2007, eleven days after the 120-day deadline. However, Plaintiff's late service was not based on lack of effort. The process server states that he tried to serve the Complaint several times before the deadline, but he was unable to find Hamberlin

either at work or at his residence.  Plaintiff was finally able to serve Hamberlin when he returned to work.

The Court finds good cause to extend the service deadline by the extra eleven days.  Moreover, the Court finds that the eleven-day extension comports with the trend towards flexibility under Rule 4(m).  Accordingly, the Court will deny the motion to dismiss.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Sid Hamberlin's Motion to Dismiss (Docket No. 8) shall be, and the same is hereby, DENIED.



DATED:  **March 20, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge